UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**05 CV 7842**

------------------------------------------------------------x

PHILIP PALESE,

      Plaintiff,

      -against-

CITICORP CREDIT SERVICES, INC.

      Defendants.

------------------------------------------------------------x

**COMPLAINT AND JURY DEMAND**

**JUDGE KOELTL**


RECEIVED SEP 0 8 2005 U.S.D.C. S.D.N.Y. CASHIERS

**COMES NOW**, the Plaintiff, Philip Palese (hereinafter "Palese" or "Plaintiff"), by and through his undersigned attorneys, The Law Offices of Neal Brickman, and as and for his Complaint against the Defendant, Citicorp Credit Services, Inc. (hereinafter "Citicorp" or "Defendant"), states and alleges as follows:

### Preliminary Statement

1. This action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and related New York State Discrimination statutes.

2. This action seeks compensatory damages, and costs and attorneys' fees for age discrimination. Palese was subjected to different standards than younger employees because of his age. Palese was ultimately terminated as a result of being held to these higher standards.

### Parties

3. The Plaintiff Palese is 58 years old. He is, and at all times was, a citizen of the United States, presently residing at 4106 Brightwood Drive, Houston, Texas 77068-1709.

4. Upon information and belief, the Defendants Citicorp is a Delaware Corporation doing

business in New York with its principal place of business located at 399 Park Avenue, New York, New York, 10043.

### Jurisdiction and Venue

5. Jurisdiction is proper under 28 U.S.C.A.§ 1331 because the federal claims arise under the laws of the United States and the state claims are subject to pendent jurisdiction.

6. Venue is properly laid in this district under 28 U.S.C.A. § 1391 because one or more of the Defendants reside in this district.

### Procedural Background

7. On or about March 21, 2005, the Plaintiff filed a charge with the EEOC alleging that he was discriminated against on the basis of age.  On or about June 13, 2004, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") in connection with this charge.  This action is filed within ninety (90) days of plaintiff's receipt of said Notice of Right to Sue from the EEOC. (A copy of the right to sue letter is attached hereto and made a part hereof as Exhibit "A")

### Factual Background

8. The Plaintiff Philip Palese is 58 years old.  Palese began working for Citicorp as a senior manager in 2001, when Citicorp acquired Associates First Capital.

9. Prior to the acquisition, Palese worked for Associates First Capital for four years as a senior manager.  Palese performed very well during this period, consistently receiving positive performance evaluations and merit salary increases.  In addition, Palese received the President's Association Award, the company's highest award during this period.

10. Palese continued to receive positive reviews at Citicorp during the period from 2001 until 2004.  During this period, Citicorp used the Scorecard Appraisal method for all of its managers in the Performance and Training Division of Human Resources.  Under the Scorecard

Appraisal method, the rankings that a manager gave his or her subordinates factored into the manager's total rating and accounted for 50% of the manager's overall performance rating. Since most managers gave their subordinates favorable ratings, the Scorecard Appraisal method resulted in favorable ratings for those assessed under it.

11. Starting in 2004, Citicorp began using another method to evaluate Palese and three other senior managers. This method, which did not include subordinate ratings, resulted in far less favorable reviews for Palese and the three other managers. Three of the four affected managers were over forty (40) at the time.

12. All of the other managers -- each younger than Palese -- in the Performance and Training Division of Human Resources continued to be evaluated under the Scorecard Appraisal Method. Because the Scorecard Appraisal method yielded more favorable evaluations, it appeared as though all of the younger managers in the Performance and Training Division were performing more favorably than Palese and the other three older impacted managers.

13. Ultimately, Palese was forced to resign. Because his performance was subject to a more stringent set of standards than his peers, it appeared that Palese was underperforming in 2004. In reality, however, Palese delivered the same consistently high performance in 2004 that he had throughout his career with Citicorp.

14. Upon information and belief, there was no legitimate business reason for subjecting Palese and the three other managers to the more stringent evaluation process than the younger managers. The Scorecard Appraisal method had been used for the entire Performance and Training Division prior to 2004. Moreover, Citicorp continued to use the Scorecard Appraisal method for everyone except for Palese and the other impacted managers, after 2004. There was no legitimate reason for Citicorp not to continue using this method for Palese and the three other senior managers impacted.

15. The sole reason that Citicorp subjected Palese to more stringent evaluation criteria was to create a pretext for terminating him. In actuality, the true reason that Palese was forced to

resign was because he was over 40.

## Count One
### (Violation of the Age Discrimination in Employment Act)

16. Palese incorporates by reference paragraphs 1 through 15 of the Complaint as if such paragraphs were fully restated herein.

17. Palese was subjected to more stringent standards and ultimately terminated because he was over 40.

18. The aforementioned conduct constitutes illegal discrimination in violation of the Age Discrimination in Employment Act.

19. As a direct result of this discrimination, the Plaintiff has suffered damages including loss of past and future earnings, other employment benefits, emotional injuries and damages to his professional reputation.

WHEREFORE, Palese demands judgment against the Defendant Citicorp for compensatory damages in an amount to be determined at trial, but in no event less than $1,000,000.00 and for punitive damages in an amount to be determined at trial, together with interest, the costs and disbursements of this action, including reasonable attorneys fees, and such other relief as this Court may deem just and proper.

## Count Two
### (Violation of Executive Law § 296)

20. Palese incorporates by reference paragraphs 1 through 19 of the Complaint as if such paragraphs were fully restated herein.

21. The aforementioned conduct constitutes illegal discrimination in violation Executive

Law § 296.

22. As a direct result of this discrimination, the Plaintiff has suffered damages including loss of past and future earnings, other employment benefits, emotional injuries and damages to his professional reputation.

WHEREFORE, Palese demands judgment against the Defendant Citicorp for compensatory damages in an amount to be determined at trial, but in no event less than $1,000, 000.00, together with interest, the costs and disbursements of this action, and such other relief as this Court may deem just and proper.

## Jury Trial Demanded

23. Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands a jury trial on each and every issue in this action.

Dated: New York, New York
September 7, 2005

Neal Brickman  (NB 0874)
*Attorneys for the Plaintiff*
*Philip Palese*
The Law Offices of Neal Brickman
317 Madision-21st Floor
New York, N.Y. 10017
(212) 986-6840